IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JULIE RAMIREZ, Individually and on behalf of other similarly situated individuals, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:10 -CV-2110-O |
| DALLAS MEDICAL, PLLC, SUDHA MEENA ROYAPPA and DANIEL BRENT WHITWORTH, | § § § § § | |
| Defendants. | § | |

**ORDER**

Before the Court is Plaintiff Julie Ramirez's Unopposed Notice of Settlement and Motion for Approval of Settlement and to Dismiss Action with Prejudice ("Motion for Approval of Settlement") (ECF No. 5). Plaintiffs requests this Court to approve a settlement agreement with Defendants, who have yet to appear in the instant action. The Court, however, cannot rule on the Motion for Approval of Settlement without reviewing the settlement. *See, e.g. Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1350 (11th Cir. 1982); *see also Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 718-19 (E.D. La. 2008).

Plaintiffs filed suit under section 207 of the Fair Labor Standards Act ("FLSA") for failure to pay overtime. *See* Pl.'s Orig. Compl. ¶ 8, ECF No. 1. Under the FLSA "[a]ny employer who violates the provisions of . . . 207 of this title shall be liable to the employee or employees affected in the amount . . . of their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). "The provisions of the statute are mandatory, and not subject to negotiation and bargaining between employers and employees." *Collins*, 568 F. Supp.

2d at 718 (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945)). In what the *Collins* court justly terms "a well-reasoned and oft-cited decision" in *Lynn's Food Stores* the Eleventh Circuit articulated two ways in which back wage claims can be settled or compromised by employees and employers. *Id.* at 719. First, employees may waive the right to bring suit for unpaid wages and liquidated damages when the Secretary of Labor supervises a settlement pursuant to 29 U.S.C. § 216(c). *Id.* Second, "the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* (citing *Lynn's Food Stores*, 679 F.2d at 1353).

In order to approve a settlement proposed by an employer and employees, the "court must determine that the settlement is a 'fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Id.* In their Motion for Approval of Settlement, Plaintiffs state that there "have been bona fide disputes concerning Plaintiff's FLSA claim, including whether and to what extent the first Plaintiff was an exempt employee and the number of overtime hours worked by all Plaintiffs." Mot. Approval Settlement¶ 3, ECF No. 5. The Court finds this statement sufficient for a finding that a bona fide dispute arose between the employer and employees so that a settlement may be permissible.

The primary focus of a court's inquiry in determining whether to approve the settlement of a FLSA collective action is on ensuring that an employer does not take advantage of or manipulate an employee. *Collins*, 568 F. Supp. 2d at 719. Therefore, as the Plaintiffs acknowledge in their motion, it is the responsibility of the Court to determine whether the settlement agreement is "fair and reasonable." In order to make that determination, the Court must review the settlement agreement itself.

The parties state that they have "negotiated a *confidential* settlement." Mot. Approval Settlement ¶ 2 (emphasis added). Settlement agreements that must be approved by the court are

presumptively public once brought into the court despite agreement otherwise by the parties. *Tran v. Thai*, No. H-08-3650, 2009 WL 2477653, at *1 (S.D. Tex. Aug. 12, 2009) (citing *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992)). The court file must remain open unless there is a showing of "extraordinary circumstances." *Id.* Therefore, the fact that employer and employee in the instant case agreed to a "confidential settlement" does not negate the need for the Court to review that agreement for fairness.

Accordingly, it is **ORDERED** that Plaintiffs file with the Court the negotiated settlement so that it may make a determination regarding the fairness of the agreement. The agreement shall be filed no later than **January 10, 2011.**

**SO ORDERED** this **20th** day of **December, 2010**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**